**In re Leon SCOTT.**

**No. MBD 94–10055.**

United States District Court,
D. Massachusetts.

May 10, 1994.

---

Louis A. Guidry, Boston, MA, for applicant.

Ilene Robinson, Sullivan & Worcester, Boston, MA, for employer.

*MEMORANDUM AND ORDER ON AP-PLICATION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1875(d)(1)*

COLLINGS, United States Magistrate Judge.

Leon Scott, a juror in this Court in September, 1993 [1], alleges that his employer, Kit Clark Senior Services [2], violated Title 28 U.S.C. § 1875(a). That section provides:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance in connection with such service, in any court of the United States.

The juror has made an application for appointment of an attorney to represent him at the expense of the United States pursuant to 28 U.S.C. § 1875(d)(1).[3] That portion of the statute provides for appointment of counsel if the Court finds "probable merit" in the juror's claim.

The application was referred to the undersigned. Notice was mailed to the juror and the employer in the form attached hereto. The hearing was held on April 21, 1994. At the hearing, the Court heard from the juror, an attorney for the juror, the employer's attorney and a representative of the employer.

It is undisputed that the juror began working for the employer in October, 1992 as a bulk-food driver delivering food to clients as part of a "meals-on-wheels" program. He received a summons for jury service in the summer of 1993; he thought that the summons required him to report on September 7, 1993. However, upon telephoning the Court presumably before September 7th, he claims he was told that he did not have to report on the 7th but should report on the 14th. He advised his employer that he had to report for jury duty on September 14th and, consequently, he was not put on the schedule to work that day.

On September 13, 1993, he received a written warning based on "unacceptable tardiness and absenteeism." Specifically, he had not shown up for work either September 7th or September 13, 1993 as required. The warning concluded with the following statements:

> As you know, all employees are responsible for calling his or her supervisor BE-

---

1. Hereinafter, "the juror".

2. Hereinafter, "the employer".

3. Incorporating the provisions of the Criminal Justice Act, Title 18 U.S.C. § 3006A *et seq.*

FORE [4] their scheduled starting time. Inappropriate absences and or tardiness are not acceptable. Any further unacceptable absences and/or delay will result in further disciplinary action including termination.

The juror did report for jury duty on September 14, 1993. As indicated, *supra*, he had not been scheduled to work on that date but he was scheduled to work on September 15, 1993 at 7:00 A.M., and he had been informed the week before of his schedule for the following week which required him to work on September 15th. He claims that when he reported to jury service on September 14, 1993, he was told to report on September 15, 1993. He did report on September 15, 1993, but it is undisputed that he never notified his employer that he was going to be out on September 15th due to jury duty. He was not selected to be on a jury that day, but he never contacted his employer to inform the employer that he had not been selected and would be in on the following day, September 16th.

Accordingly, on September 15, 1994, he was sent a registered letter which read:

On Monday, September 13, you received a written warning. This warning outlined the consequences of your not following our agency's policies regarding tardiness and absences. This warning also outlined the requirement that your supervisor be notified regarding your inability to report to work *before* your scheduled starting time.

Also on Monday, September 13, you said that you had "received a phone call saying you had to go to jury duty (tomorrow) because you forgot to go last Tuesday". You were told that an absence on Tuesday, September 14, would be unacceptable unless you provided the agency with an official document from the court confirming your required presence.

Today, your supervisor has not been notified regarding your absence on September 15. Therefore, we are terminating your employment as a Bulk–Food Driver with the Kit Clark Senior Services Agency. This termination is effective today.

Please arrange to have your uniforms and keys returned to the kitchen as soon as possible.

When he appeared for work on September 16th, he was informed of the termination, apparently not having yet received the registered letter. He claims that he did not think he had to notify his employer until his jury duty had concluded.

The employer presented evidence that the juror had been absent without leave on July 14, 1993; he had called in at 4:30 A.M. saying that he was in Springfield and could not get to work before 8:00 A.M.; he never showed up at all on that date. He was given a written warning on July 29th on the basis of unprofessional behavior during the week of July 29th. On August 20th, the juror refused to deliver some food on his assigned route and the matter was discussed with the supervisor both on that date and on Monday, August 23rd. The written warning of September 13th was issued a few weeks later.

■ The issue, therefore, is whether it is a violation of Title 28 U.S.C. § 1875 for an employer to require an employee to give the employer advance notice when the employee will not be to work because of jury duty and to terminate the employee when he/she fails to give the advance notice. In my view, it is not, provided that the notice requirement is reasonable and not used as a pretext for termination because of the fact that the employee has to perform jury service.

I base this conclusion on the purposes for which Congress enacted § 1875, i.e.:

This bill would ... accord statutory protection to the employment status of Federal jurors during the period of jury service. At the present time, an employer who is hostile to the idea of jury duty, or who believes that the interests of his business outweigh the obligation for jury service imposed by law, may threaten or harass his employees to encourage their avoidance of such service or may even dismiss them from employment if they are required to assume leave status for this purpose.

\*     \*     \*     \*     \*     \*

---

4. Capitalization in original.

The proposed legislation would provide statutory employment protection to Federal jurors by adding a new section 1875 to title 28 and by giving district courts jurisdiction over legal actions by aggrieved employee-jurors to redress their rights. 1978 U.S.Code Congressional and Administrative News, pp. 5477, 5480. A reasonable requirement that an employee notify his employer in advance of the fact that he will not be at work due to jury duty in no way conflicts with this purpose. It simply permits the employer to make alternative arrangements to have the employee's work covered while he is absent for jury duty. I note that in amending the statute, Congress was not unsolicitous of the needs of business, adding a provision stating that "... courts may consider, as a basis for excuse from jury service, severe economic hardship to an employer which would result from the absence of a key employee during the period of such service." *Id.*

█ In the instant case, it appears that the employer's notice requirement was reasonable, was clearly related to the needs of the business, and was not imposed arbitrarily or capriciously. The advance notice requirement applied to all absences, not only those caused by jury duty. I find no evidence that the employer was "hostile" to jury duty nor any indication that the employer believed that the interests of the business outweighed the importance of jury duty. Based on the prior problems which the juror had during his employment, there is no basis for an inference that the absence due to jury duty was the cause of the termination and no reason to discredit the employer's assertion that it was the failure to give notice which prompted the dismissal.

Thus, I am unable to find that the juror's claim in this case has probable merit. Accordingly, it is ORDERED that the application for appointment of counsel pursuant to 28 U.S.C. § 1875(d)(1) be, and the same hereby is, DENIED. This action in no way precludes the juror from filing a civil action against the employer alleging a violation of 28 U.S.C. § 1875(a). However, he must hire and pay for his own attorney in order to do so. If he proves his allegations at a trial, he is entitled to an award for his attorney's fees and costs pursuant to 28 U.S.C. § 1875(d)(2).

The file is RETURNED to the Clerk's Office.

## APPENDIX

## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

### IN RE LEON SCOTT

#### M.B.D. 94-10054,

#### **NOTICE OF HEARING PURSUANT TO TITLE 28 U.S.C. § 1875(d)(1)**

Please take notice that a **HEARING** to determine whether there is probable merit in Leon Scott's claim that his employer violated Title 28 U.S.C. § 1875(a) in connection with Mr. Scott's jury service in federal court in September of 1993 has been set in the above-entitled case at Conference Room 920, 9th Floor, John W. McCormack Post Office and Courthouse, 90 Devonshire Street, Boston, Massachusetts 02109 on **Wednesday, April 13, 1994 at 2:00 p.m.** before Robert B. Collings, United States Magistrate Judge. At such hearing, Mr. Scott may give evidence. In addition, a representative of the employer may give evidence.

April 5, 1994

By: Nancy Lee Irwin
 Nancy Lee Irwin
 Deputy Clerk
 617–223–9229

Notice Sent to:

Leon Scott

Louis A. Guidry, Esq.